UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

RAYMONE NEAL                                                   PLAINTIFF

v.                                           CIVIL ACTION NO. 4:20-CV-P167-JHM

JASON WOOSLEY et al.                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Raymone Neal filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed in part and allowed to continue in part, and Plaintiff will be afforded the opportunity to amend his complaint.

**I. STATEMENT OF FACTS**

Plaintiff is a pretrial detainee at the Grayson County Detention Center (GCDC). He names as Defendants in their individual and official capacities the following GCDC employees: Jailer Jason Woosley; Assistant Jailer Bo Thorpe; Nurse Practitioner Roy Washington; and Officer Penelton.

Plaintiff first alleges that he has been held in isolation under camera observation and on 15 minute watch without any health services. He states that Defendants Woosley and Thorpe told him that GCDC is not required to offer mental health services to inmates.

Plaintiff next alleges that his right to practice his religion was violated by Defendant Thorpe because he was not allowed to participate in Ramadan in 2020 even though he has been "documented Muslim since 12/19/19."

Plaintiff's third claim alleges that on October 11, 2019, he was sprayed in the mouth and eyes by Defendant Penelton "while sitting at a table for no reason with pepper spray. This is cruel and unusual punishment a violation of the 8th Amendment and excessive force."

Plaintiff next asserts that he has been held in isolation for alleged rule infractions by Defendants Thorpe and Woosley without a disciplinary hearing or an investigation in violation of his due-process right and right to be protected from cruel and unusual punishment.

Plaintiff's fifth claim is that the GCDC law books are outdated and inadequate and that mail postmarked from the courts or his attorney are being discarded in the trash by "the officers."

Plaintiff's last claim is that he was denied physical therapy and medications prescribed after being released from the hospital, as well as "followups" on September 15, 2019. He states that he is still being denied medical treatment necessary for his recovery.

As relief, Plaintiff requests monetary and punitive damages and injunctive relief in the form of being moved to another jail "for safety and fear or retaliation."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a

light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*A. Claim related to denial of mental health services while in isolation*

Plaintiff alleges that he has been held in isolation under camera observation and on 15 minute watch. According to the complaint, Defendants Woosley and Thorpe told him that GCDC is not required to offer mental health services to inmates.

The claims against Defendants Woosley and Thorpe in their official capacities must be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, the claims against these Defendants in their official capacities are actually brought against the Grayson County government which employs them. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Grayson County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345

(6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

It appears that Plaintiff has alleged a Grayson County policy of not providing mental health services to prisoners, and the Court will allow this claim to go forward against Defendants in their both their individual and official capacities.

B. *Freedom-of-religion claim*

Plaintiff alleges that his right to practice religion was violated by Defendant Thorpe because he was not allowed to participate in Ramadan in 2020 even though he has been

4

documented as being Muslim since December 19, 2019. The Court will allow the individual-capacity First Amendment freedom-of-religion claim to go forward against Defendant Thorpe. Because Plaintiff does not allege that the existence of a custom or policy was the moving force behind this alleged constitutional deprivation, the Court will dismiss the official-capacity claim.

*C. Pepper spray claim*

The Court will allow Plaintiff's claim alleging that on October 11, 2019, he was sprayed in the mouth and eyes by Defendant Penelton "while sitting at a table for no reason" to go forward against Defendant Penelton in his individual capacity under the Fourteenth Amendment. Although Plaintiff's complaint refers to the Eighth Amendment, because Plaintiff is a pretrial detainee and not a convicted prisoner, he is protected from the use of excessive force by the Fourteenth, not the Eighth, Amendment. *See, e.g.*, *Kulpa for Est. of Kulpa v. Cantea*, 708 F. App'x 846, 851 (6th Cir. 2017) (noting that prisoner's pretrial detainee status required evaluating his excessive-force claim under the Fourteenth Amendment). The Court will dismiss the official-capacity Fourteenth Amendment claim against Defendant Penelton regarding this incident because Plaintiff does not allege that a Grayson County policy or custom was the moving force of the alleged constitutional violation.

*D. Due-process claim*

Plaintiff asserts that he has been held in isolation for alleged rule infractions by Defendants Thorpe and Woosley without a disciplinary hearing or investigation in violation of his due-process right and his right to be protected from cruel and unusual punishment. Specifically, he states that he has been held in isolation by these Defendants from September 25, 2019, to November 18, 2019; from December 19, 2019, to January 4, 2020; and from May to

July 2020.  Thus, according to the complaint, Plaintiff was held in segregation for a period of 54 days, then 16 days, then, at most, 91 days.

A prisoner's right to due process of law is violated where he suffers restraint which imposes an "'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 483 (1995)).  Generally, courts consider the nature and duration of a stay in segregation in determining whether it imposes an "atypical and significant hardship."  *Harden-Bey v. Rutter*, 524 F.3d at 795-96 (6th Cir. 2008).  Here, Plaintiff's allegations that he was held in segregation for 16 days, 54 days, or even 91 days is not atypical and significant and do not state a due-process claim.  *See, e.g.*, *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (holding that the prisoner failed to state a due-process claim where he was placed in segregation for 61 days); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (noting that 90 days' segregation was "still not so long as to work an atypical and significant hardship").

Nor do Plaintiff's allegations raise a claim of cruel and unusual punishment.  *See Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in rejecting the plaintiff's cruel-and-usual-punishment claim in the absence of any allegations that plaintiff was deprived of the "minimal civilized measure of life's necessities," the Sixth Circuit stated: "Because placement in segregation is a routine discomfort that is part of the penalty that criminal offenders pay for the offenses against society, it is insufficient to support an [Fourteenth] Amendment Claim.").  Plaintiff's claims related to being held in disciplinary segregation will be dismissed for failure to state a claim upon which relief may be granted.

*E. Claims regarding legal materials and mail*

Plaintiff claims that the GCDC law books are outdated and inadequate; there is no Lexis or Westlaw; and that mail postmarked from the courts or his attorney is being discarded in the trash by "the officers."

It is well-established that prisoners have a constitutional right to access to the courts. *See Lewis v. Casey*, 518 U.S. 343 (1996); *Hadix v. Johnson*, 182 F.3d 400 (6th Cir. 1999); *Leveye v. Metro. Pub. Def. Office*, 2003 WL 21801466 (6th Cir. Aug. 4, 2003). To state a viable claim, however, an inmate must demonstrate he suffered "actual injury" as a result of particular actions of prison officials. *Lewis*, 518 U.S. at 351. In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff has not alleged any actual injury to his ability to pursue a nonfrivolous legal claim by the inadequacy of the legal materials available to him, and thus, fails to state a claim. *See Rayburn v. Blue*, 154 F. Supp. 3d 523, 533 (W.D. Ky. 2015) ("An inmate who claims his access to the courts was denied merely because he was denied access to the prison library, or certain books, fails to state a claim."). Nor has he stated a claim concerning his "legal mail" being thrown away because he does not allege any injury. *See, e.g.*, *Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) ("A plaintiff must show that non-delivery of his legal mail resulted in actual injury by frustrating, impeding, or hindering his efforts to pursue a legal claim.") (internal quotation marks, footnote, and citations omitted). These claims will be dismissed for failure to state a claim upon which relief may be granted.

*F. Denial-of-medical-treatment claim*

Plaintiff's sixth claim is that he was denied physical therapy and medications prescribed after being released from the hospital, as well as follow ups on September 15, 2019, and that he is still being denied medical treatment necessary for his recovery. He does not identify which Defendant(s) is/are alleged responsible for the denial of treatment.[1] Nor does he explain what medical problem requires treatment, medication, or physical therapy. **However, the Court will afford Plaintiff an opportunity to amend his complaint to name the individual(s) who is/are responsible for the alleged constitutional deprivation involving denial of medical treatment and to describe the facts surrounding how his rights were violated**. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act].").

*G. Claim for Injunctive relief*

Plaintiff asks for injunctive relief in the form of being moved to another jail "for safety and fear or retaliation."

However, the law is clear that inmates have no constitutional right to be incarcerated in any particular institution. *Montanye v. Haymes*, 427 U.S. 236 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). Thus, a federal court only has the authority to order a state to transfer a prisoner in the rare and extreme situation where an inmate's life is in imminent or grave danger. *See, e.g.*, *Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983); *Streeter v. Hopper*, 618 F.2d 1178, 1182 (5th Cir. 1980). Plaintiff's allegations do not suggest such a rare and extreme

---

[1] The Court notes that Plaintiff lists Nurse Practitioner Washington as a Defendant, but he does not mention him in the body of the complaint.

situation at GCDC that this Court would order a transfer. Additionally, Plaintiff's complaint contains no specific allegations suggesting that he has suffered or will suffer retaliation.

Accordingly, the Court will dismiss Plaintiff's claim for injunctive relief for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's official-capacity claim related to freedom of religion; official-capacity claim against Defendant Penelton; claims related to due-process violations regarding segregation; claims related to access to legal material and legal mail; and claim for a transfer are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that **within 30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may amend the complaint with respect to the denial-of-medical-treatment claim**. The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to amend the complaint.

After the time for amendment has passed, the Court will enter a separate Scheduling Order to govern the development of the continuing claims.

Date: December 11, 2020

*[signature]*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
       Defendants
       Grayson County Attorney
4414.009